Filed 2/15/22  P. v. Villegas CA2/7
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300146 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA032022) |
| v. | |
| HECTOR RODOLFO VILLEGAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Jin H. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Idan Ivri, Nancy L. Ladner, and Nikhil Cooper, Deputy Attorneys General for Plaintiff and Respondent.

# INTRODUCTION

Hector Rodolfo Villegas appeals from the superior court's order denying his petition under Penal Code section 1170.95.[1]  In our prior opinion we affirmed the superior court's ruling, after which Villegas successfully petitioned the Supreme Court for review.  The Supreme Court transferred the case to us with directions to vacate our earlier opinion and reconsider our decision in light of Senate Bill No. 775 (Stats. 2021, ch. 551), which, among other things, confirmed that the standard of proof at the hearing on an order to show cause under section 1170.95 is proof beyond a reasonable doubt.  Because the trial court applied, in the alternative, that standard of proof, we vacate our earlier opinion and again affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.  *A Jury Convicts Villegas of Murder, and We Affirm*

At 2:30 a.m. on April 14, 1997, 20-year-old Villegas, in a stolen car, led police officers on a 10-mile high-speed chase, driving 85 miles per hour through residential neighborhoods in several cities.  During the chase Villegas drove on the wrong side of the road, ran at least two stop signs and two red lights, and nearly collided with a city bus.  The chase ended when he skidded across seven lanes of traffic and crashed into a telephone pole, killing his passenger, 57-year-old Todd Cassick.

The People charged Villegas with second degree murder (§ 187, subd. (a), count 1), willfully fleeing or attempting to elude

---

[1]  Undesignated statutory references are to the Penal Code.

a pursuing peace officer proximately causing death (Veh. Code, § 2800.3, subd. (b), count 2), and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 3). At trial Villegas sought to establish he fled from police only because he was afraid of and pressured by the much older Cassick. Villegas admitted that during the chase he knew what he was doing "was very dangerous" and that he "knew [he] might hurt people by driving this quick."

The trial court instructed the jury on two theories of murder: second degree felony murder and implied malice murder.[2] The jury convicted Villegas on all counts. The court sentenced Villegas on count 1 to a prison term of 15 years to life, on count 2 to four years (stayed under section 654), and on count 3 to a term of two years (concurrent with the sentence on count 1). We affirmed the judgment. We also dismissed a petition by Villegas for writ of habeas corpus in which he contended he received ineffective assistance of counsel.

    B.    *Villegas Files a Petition Under Section 1170.95, Which the Superior Court Denies After Appointing Counsel, Issuing an Order To Show Cause, and Holding a Hearing*

In January 2019 Villegas filed a petition for resentencing under section 1170.95. After the People conceded he had made a prima facie showing he was entitled to relief because "there were multiple theories of [murder] liability available to the jury,

---

[2] The predicate felony for the felony murder theory was fleeing or attempting to elude a pursuing peace officer while driving with a willful or wanton disregard for the safety of persons or property, in violation of Vehicle Code section 2800.2.

3

including felony murder," the superior court appointed counsel for Villegas and issued an order to show cause. In the ensuing briefing, the People argued Villegas was not entitled to relief because, among other reasons, under current law Villegas "could still be convicted of second degree murder beyond a reasonable doubt" on an implied malice theory.

In June 2019 the superior court held a hearing, at which the court stated it had reviewed the file, including the entire reporter's transcript of the 1997 trial, the jury instructions, and our opinion resolving Villegas's direct appeal and habeas petition. And after observing that, as a result of Senate Bill No. 1437, Villegas could no longer be convicted of murder based on the felony murder theory presented at his trial, the court stated: "I view my role here as a limited one. I view my role as one of making a determination not of guilt beyond a reasonable doubt, but whether the People can prove that the defendant is ineligible under 1170.95 because he could now be convicted under the present state of the law. So the way I view the question is, Can the People demonstrate beyond a reasonable doubt that the defendant could be convicted under the implied malice theory of murder?"

Agreeing that the court had accurately described its role and the dispositive question, the People argued Villegas "could still be convicted beyond a reasonable doubt of implied malice murder given the evidence that was presented during the trial." Counsel for Villegas, however, argued Villegas was entitled to have a jury determine whether "the People can prove beyond a reasonable doubt that [Villegas] is ineligible for relief" under section 1170.95. After the court rejected that argument, counsel for Villegas expressed concern about "the court's emphasis on the

word 'could'" when stating the People's burden was to demonstrate beyond a reasonable doubt the defendant could be convicted of murder on an implied malice theory. The court responded, in relevant part: "I don't know that my role here is to say, Is the defendant guilty? Have the People proven him guilty beyond a reasonable doubt of second degree implied malice murder? I don't know that that's my role here. Because the question is could he be, not would he be." Counsel for Villegas answered: "And that's why I go back to asking for a jury." The court indicated it understood Villegas's argument and again outlined what the court viewed its role was. "So I don't view my role as the trier of fact here. I don't view my role as the 13th juror. And if I'm wrong, we'll be back, right, depending on the outcome."

After hearing further argument on the evidence at trial, the superior court found the People had met their burden of proving Villegas was ineligible for relief under section 1170.95. The court stated: "There is more than enough evidence to prove beyond a reasonable doubt that the way this . . . evading was committed does rise to the level of proving that the defendant committed an implied malice murder. . . . The natural consequences of that conduct . . . were dangerous to human life. And I don't think there could be any dispute but that . . . the duration of the chase, the location of the chase, the speeds, the manner in which [Villegas] was driving—all of that was dangerous to human life. And it's clear just by the testimony of the officers, without the defendant's admissions, it's clear he was deliberately engaging in this conduct knowing the danger to human life and acting in conscious disregard for that human life. . . . So while I'm aware . . . that one theory was presented that was legally incorrect, the

manner in which the evading was committed . . . does support the implied malice second degree theory of liability here. And as such, I think if Mr. Villegas were tried today, . . . there would be proof beyond a reasonable doubt."

The court continued: "Now, I will extend and enlarge the scope of what I view my role is because I do think it's what I said earlier. But since I don't know what the court of appeal is going to do, I can comfortably say that the evidence today would prove beyond a reasonable doubt implied malice murder given these facts that I have from the testimony from the transcript and from the description by the court of appeal. And then on top of that, if I were to add Mr. Villegas's testimony, that was kind of icing on the cake for the prosecution. I don't know if the prosecution really needed that testimony, but they got it. And it was devastating. . . . But I think the evidence, even without it, is substantial and constitutes proof beyond a reasonable doubt."

The court concluded: "So even assuming my role is to be a trier of fact—which I don't assume it to be—but even if it were and the courts were to say that that's what it is to be, I believe the People have demonstrated beyond a reasonable doubt that the defendant not only could be convicted under the present state of the law, but most likely would be convicted under the present state of the law given those facts. And so given the uncertainty as to how this is going to be construed, the statute, I think there is really more than enough evidence here no matter how I look at it to support this conviction . . . ."

C.     *We Affirm the Superior Court's Order Denying*
       *Villegas's Petition Under Section 1170.95*

Villegas appealed from the order denying his petition under section 1170.95.  He argued the superior court, in finding the People met their burden of proving beyond a reasonable doubt he was ineligible for relief under section 1170.95, erroneously required the People "to prove only that, based on the record of conviction, Villegas *could* have been convicted of implied malice murder, i.e., there was substantial evidence to support such a conviction."  He argued section 1170.95, subdivision (d)(3), instead "requires the prosecution to prove beyond a reasonable doubt that the jury would have convicted Villegas of implied malice murder despite the now-erroneous jury instruction on second-degree felony murder."  He contended the People did not meet that burden here.  We affirmed the order denying Villegas's petition.

We held that section 1170.95 requires the prosecutor to prove beyond a reasonable doubt each element of first or second degree murder under current law to establish a petitioner's ineligibility for relief under that statute.  We explained that, in evaluating whether the prosecutor has met this burden, it is the court's responsibility to act as independent factfinder and determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189.  We concluded the superior court ruled, in the alternative, the People had met their burden under this beyond-a-reasonable-doubt standard and that the superior court properly denied Villegas's petition under section 1170.95.  We explained that, although the superior court initially applied an incorrect standard, the court found in the alternative it could "comfortably say that the

7

evidence today would prove beyond a reasonable doubt implied malice murder." The superior court added that, even without Villegas's trial testimony—which the court called "icing on the cake" and "devastating"—"I think the evidence . . . is substantial and constitutes proof beyond a reasonable doubt." We concluded that these statements showed the superior court applied, in the alternative, the correct standard in determining the People proved beyond a reasonable doubt Villegas was ineligible for relief under section 1170.95. We also concluded substantial evidence supported the superior court's finding the People proved beyond a reasonable doubt Villegas was guilty of implied malice murder.

D.    *The Supreme Court Grants Review and Transfers the Cause*

The Supreme Court granted review and transferred the case to us with directions to vacate our decision and reconsider Villegas's appeal in light of amendments to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775), effective January 1, 2022. In their supplemental brief, the People argue the "superior court ultimately applied the correct standard of proof, as required by Senate Bill 775, when it acted as an independent factfinder and determined beyond a reasonable doubt that [Villegas] committed second degree murder under an implied malice theory." The People argue that the superior court "employed the same standard of proof that is now required by Senate Bill 775" and that "substantial evidence supports the denial" of Villegas's petition. Villegas submitted a supplemental brief agreeing Senate Bill 775 requires the prosecution to "prove beyond a

8

reasonable doubt a petitioner is guilty of murder under the amended murder laws" and otherwise relying on the arguments in his opening and reply briefs (which did not address Senate Bill 775).

## DISCUSSION

The Supreme Court directed us to reconsider the appeal in light of Senate Bill 775. That law, like our prior opinion, provides that the standard of proof at the hearing on the order to show cause is proof beyond a reasonable doubt and that a "finding there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) As the People point out, "Senate Bill 775 simply reaffirmed the standard that this Court had already adopted as correct." The trial court applied that correct standard.

In addition, as we held before, substantial evidence supported the superior court's findings. "[S]econd degree murder based on implied malice has been committed when a person does ""an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.""" (*People v. Watson* (1981) 30 Cal.3d 290, 300; accord, *Zemek v. Superior Court* (2020) 44 Cal.App.5th 535, 548.) Here, the evidence showed that Villegas, in evading officers for 10 miles, drove 85 miles per hour through residential neighborhoods, drove on the wrong side of the road, ran through stop signs and red lights, nearly hit a bus, and finally skidded

9

across multiple lanes of traffic before crashing into a telephone pole violently enough to kill his passenger.  He admitted he knew what he was doing was very dangerous and might hurt people.  That admission, as the superior court observed, was icing on a substantial cake of circumstantial evidence that the natural consequences of the way Villegas drove while evading police were dangerous to life, that he knew his driving endangered human life, and that he drove with conscious disregard for life.  (See *Watson*, at pp. 300-301 [substantial evidence supported a finding the defendant committed implied malice murder where, while intoxicated, he "drove at highly excessive speeds through city streets" and "nearly collided with a vehicle after running a red light" before crashing into the victims' car]; *People v. Moore* (2010) 187 Cal.App.4th 937, 941 [substantial evidence supported a conviction for implied malice murder where the defendant "drove 70 miles per hour in a 35-mile-per-hour zone, crossed into the opposing traffic lane, caused oncoming drivers to avoid him, ran a red light and struck a car in the intersection"].)

## DISPOSITION

The order denying Villegas's petition under section 1170.95 is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.